

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2005

# Dudney v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Dudney v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1238.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-132                                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3530
_____

BARRINGTON DUDNEY,

Appellant

V.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-02138 )
District Judge:  Honorable John R. Padova
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 10, 2005

Before:  ROTH, BARRY AND SMITH, <u>CIRCUIT</u> <u>JUDGES</u>
(Filed May 9, 2005)

_____

OPINION

_____

PER CURIAM

        Appellant Barrington Dudney, proceeding <u>pro</u> <u>se</u>, appeals an order of the United

States District Court for the Eastern District of Pennsylvania denying his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dudney, a native and citizen of Jamaica, was admitted to the United States as an immigrant in August 1992. In October 1998, he was convicted of possession, and possession with the intent to deliver, a controlled substance (92 packets of marijuana) in Pennsylvania state court. On August 3, 1999, Dudney was convicted of possession of a controlled substance (marijuana), simple assault and resisting arrest in an incident on August 20, 1998. Dudney also was convicted on August 31, 1999 of charges of simple assault, possession of an instrument of crime and recklessly endangering another person in an incident on February 19, 1999.

In June 1999, the Immigration and Nationality Service issued a Notice to Appear charging Dudney with removability based upon his October 1998 conviction. A removal order was entered after Dudney failed to appear for his hearing, but the Immigration Judge later terminated the proceedings due to insufficient evidence. In October 2001, the INS issued another Notice to Appear charging Dudney with removability for having committed an aggravated felony (drug trafficking), two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, and a violation of law relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. These charges were based on the October 1998 and August 31, 1999 convictions. The Notice to Appear was then amended, and the August

2

3, 1999 convictions for drug possession and simple assault, and another aggravated felony charge were added.

Through counsel, Dudney sought cancellation of removal as a permanent resident pursuant to section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a). The Board of Immigration Appeals ("BIA") affirmed the IJ's decision that Dudney is removable for a violation of law relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, based on his August 3, 1999 drug conviction.[1] The BIA also agreed with the IJ that Dudney was not eligible for cancellation of removal because he did not meet the requirement that he have continuous residence here for seven years. The BIA explained that even if Dudney could not be removed based upon his October 1998 conviction because the proceedings related to this conviction were terminated, the October 1998 conviction stopped the clock for purposes of the seven-year residence requirement.

Dudney filed a pro se habeas petition in District Court in which he argued that the BIA erred in deciding that his October 1998 conviction stopped the clock for purposes of the continuous residence requirement. The District Court also concluded that Dudney is ineligible for cancellation of removal. Assuming Dudney was right that the October 1998 conviction did not stop the accrual of continuous residence, the District Court explained

---

[1]Although the BIA refers to a September 1999 conviction in its order, the record reflects that Dudney was sentenced in September on the August 3, 1999 conviction.

that the conduct underlying his August 3, 1999 conviction for which he was removable, took place on August 20, 1998, and that the accrual of his continuous residence stopped at this time. As of August 20, 1998, Dudney continuously resided here for six years. The District Court noted that the accrual of time also stopped when Dudney was served a Notice to Appear in June 1999, before he had lived here for seven years. The District Court denied Dudney's subsequent motion for reconsideration, and this appeal followed.

We have jurisdiction to determine whether Dudney satisfies the statutory requirements for cancellation of removal. See Bakhtriger v. Elwood, 360 F.3d 414, 424 (3d Cir. 2004). The Attorney General may cancel the removal of an inadmissible or deportable alien if the alien (1) has been an alien lawfully admitted for permanent residence for not less than 5 years; (2) has resided in the United States continuously for 7 years after having been admitted in any status; and (3) has not been convicted of any aggravated felony. 8 U.S.C. § 1229b(a). Under the statute, a period of continuous residence shall be deemed to end:

> (A) . . . when the alien is served a notice to appear under section 1229(a) of this title, or (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien . . . removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest.

8 U.S.C. § 1229b(d)(1). The District Court correctly concluded that Dudney did not satisfy the seven-year continuous residence requirement because his period of continuous residence ended on August 20, 1998, when he committed the drug offense which

4

rendered him removable.  See In re Perez, 22 I. & N. Dec. 689, 693 (BIA 1999) (holding that continuous residence terminates on the date that an offense is committed).

In his habeas petition, Dudney relied on In re Campos-Torres, 22 I. & N. Dec. 1289, 1293 (BIA 2000), in which the BIA held that under the plain language of the statute, an offense must be referred to in section 212(a)(2) (section 1182(a)(2)) to terminate the period of continuous residence.  In Campos-Torres, an alien's firearms offense, which rendered him deportable, did not stop the accrual of a period of continuous residence because it is not referred to in section 212(a)(2).  Id. at 1295.  Dudney's drug offense, however, stops the accrual of his period of continuous residence because section 212(a)(2) refers to violations of any law relating to a controlled substance.  8 U.S.C. § 1182(a)(2)(A)(i)(II).

Accordingly, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).